LAW FIRM OF DK & ASSOCIATES, P.C.
Do Kyung Kim (DK 1352)
150-03 Northern Blvd., Second Floor
Flushing, NY 11355
Tel.: (718) 460-2435
Fax: (888) 456-7938
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

KI DONG JUNG
on behalf of himself
and others similarly situated,

        Case No.:

        Plaintiff,

        **COMPLAINT AND
        JURY DEMAND**

    -against-

MAL SOON KIM, YEO HAN KIM and
INTERNATIONAL LEATHER CARE COMPANY CORP.

        Defendants.
-------------------------------------------------------

    Plaintiff, KI DONG JUNG (hereinafter "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Complaint against Defendants, MAL SOON KIM, YEO HAN KIM, and INTERNATIONAL LEATHER CARE COMPANY CORP. (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff, Jung, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), which he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorney's fees and costs.

1

2. Plaintiff, Jung, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, Jung, is a resident of Bergen County, New Jersey.

6. Upon information and belief, Defendant, INTERNATIONAL LEATHER CARE COMPANY CORP., is a domestic business corporation under the laws of New York, with a principal place of business, and an address for service of process located at 393 South Franklin Street, Hempstead, New York 11550.

Upon information and belief, Defendant, MAL SOON KIM and YEO HAN KIM, are the Chairman or Chief Executive Officers of INTERNATIONAL LEATHER CARE COMPANY CORP. MAL SOON KIM and YEO HAN KIM are "employers" as defined under the FLSA and New York Labor Law who has the right to fire/hire employees, set employee schedules and the authority to affect the quality of employee's employment.

7. Plaintiff was employed by Defendants in Nassau County, New York, from on or about May of 2000 until on or about March 22, 2013.

8. At all relevant times, Defendant, INTERNATION LEATHER CARE COMPANY CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of

2

the FLSA.

9. At all relevant times, the work performed by Plaintiff, Jung, was directly essential to the business operated by Defendants.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Jung, his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. ~~At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff, Jung, his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.~~

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Jung his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

13. Plaintiff, Jung has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

14. On or about May of 2000, Plaintiff, Jung, was hired by Defendants, MAL SOON KIM and YEO HAN KIM, and Defendant, INTERNATIONAL LEATHER CARE COMPANY CORP., and/or their predecessors, as applicable, to work as a dry-cleaning technician for Defendants'"ILCC CLEANERS/LAUNDRY" dry-cleaning store located at 393 South Franklin Street, Hempstead, New York 11550.

15. JUNG worked at "ILCC CLEANERS/LAUNDRY" until on or about March 22, 2013.

16. During Jung's employment by Defendants, he worked over forty (40) hours per week. Jung was paid approximately $100 to $133 per day during the period of his employment.

17. During Jung's employment by Defendants, he worked approximately seventy (70)

3

hours per week.

18. During Jung's employment by Defendant, he often worked over ten (10) hours per day.

19. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and others similarly situated employees.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

21. Defendants knowingly and willfully operated their business with a policy of not paying the New York state "spread of hours" premium to Plaintiff.

22. Plaintiff retained Law Firm of DK & Associates, P.C. to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT 1

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff realleges and reavers Paragraph 1 through 22 of this Complaint as if fully set forth herein.

24. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or production of good for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, U.S.C. §§ 206(a) and 207 (a).

25. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

26. Upon information and belief, at all relevant times, Defendant, INTERNATIONAL LEATHER CARE COMPANY CORP. has had gross revenues in excess of $500,000.

4

27. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per work week.

28. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29. ~~Plaintiff worked hours for which he was not paid the statutory minimum wage.~~

30. ~~At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.~~

31. ~~Defendants, failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.~~

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants, Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set for the precise amount due.

33. Defendants knew of an/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, JUNG, at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

34. ~~Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, JUNG, minimum wages for hours worked when Defendants knew or should have known such was due.~~

35. Defendants failed to properly disclose or apprise Plaintiff, JUNG, of his rights under the FLSA.

36. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, JUNG, is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, JUNG, suffered damages in an amount not presently ascertainable of unpaid overtime wages plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraph 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. ~~Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.~~

43. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours.

44. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorney's fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JUNG, on behalf of himself and all similarly situated employees, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are lawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all person acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216.

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Feral Rules of Civil Procedure, Plaintiff demands trial by jury on all issues to triable as of right by jury.

Dated: July 8, 2013

Respectfully submitted,

LAW FIRM OF DK & ASSOCIATES, P.C.
Do Kyung Kim (DK 1352)
150-03 Northern Blvd., Second Floor
Flushing, NY 11355
Tel.: (718) 460-2435
Fax: (888) 456-7938
*Attorney for Plaintiff*

By: _____
Do Kyung Kim, Esq. (DK 1352)

8

Case 2:13-cv-04020-JS-WDW   Document 1   Filed 07/15/13   Page 9 of 9 PageID #: 9

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf the failure of MAL SOON KIM, YEO HAN KIM and INTERNATIONAL LEATHER CARE COMPANY CORP. To pay me minimum and/or overtime wages as required state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

Kidong Jung
Printed Name

_____
Signature

7/8/13
Date