```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
KI DONG JUNG, on behalf of himself
and others similarly situated; and
OSCAR G. MORI and RUDY VALDEZ,[1]

                   Plaintiff,
                                              ORDER
       -against-                              13-CV-4020(JS)(AYS)

MAL SOON KIM, YEO HAN KIM,
INTERNATIONAL LEATHER CARE COMPANY
CORP.,

                   Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:      Robert Wisniewski, Esq.
                    Robert Wisniewski & Associates P.C.
                    225 Broadway, Suite 1020
                    New York, NY 10007

For Defendants:     Samuel Leonard Drukman, Esq.
                    Anthony P. Consiglio, Esq.
                    Brad Adam Schlossberg, Esq.
                    Ira S. Newman, Esq.
                    Rhoda Yohai Andors, Esq.
                    Sonia Haejin Lee, Esq.
                    The Law Offices of Ira S. Newman
                    98 Cutter Mill Road, Suite 441-S
                    Great Neck, NY 11021
```

---

[1] The Court's Order dated November 26, 2014 directed plaintiffs Oscar G. Mori and Rudy Valdez to advise whether they wished to proceed as plaintiffs in this action within fourteen days of service of the Order. (Nov. 2014 Order, Docket Entry 48.) The Court indicated that Mori and Valdez' failure to indicate their desire to continue as plaintiffs in this action would result in their termination from this matter. (Nov. 2014 Order.) Counsel for Plaintiffs served Mori and Valdez with the November 2014 Order on November 26, 2014. (See Docket Entry 49.) Mori and Valdez failed to respond to the November 2014 Order or otherwise participate in this action. Accordingly, the Clerk of the Court is directed to TERMINATE Mori and Valdez as plaintiffs in this action.

Evan M. Goldberg, Esq.
15-80 208th Street
Bayside, NY 11360

SEYBERT, District Judge:

Presently pending before the Court in this Fair Labor Standards Act action is the second joint motion filed by plaintiff Ki Dong Jung ("Plaintiff") and defendants Mal Soon Kim, Yeo Han Kim, and International Leather Care Company Corporation (collectively, "Defendants") seeking judicial approval of: (1) their settlement agreement, and (2) a separate settlement agreement between Defendants, Plaintiff's former counsel, William Rand, Esq., and Do Kyung Kim, Esq. (collectively, "Rand and Kim"),[2] and Defendants' counsel (the "Prior Counsel Agreement").[3] (Sec. Mot., Docket Entry 81.) For the following reasons, the parties' joint motion is DENIED.

---

[2] Plaintiff was previously represented by Rand and his law firm, the Law Office of William Coudert Rand, and Kim and his law firm, the Law Firm of DK and Associates. (Prior Counsel Agmt., Docket Entry 81-2, at 1.)

[3] On June 13, 2016, Defendants filed a Second Motion for Order to Show Cause requesting that the Court, inter alia, award Plaintiff $40,000 and award Plaintiff's current and former counsel attorneys' fees totaling $20,000. (Defs.' Mot., Docket Entry 78.) On July 8, 2016, the parties submitted a joint letter requesting an extension of time to file a revised settlement agreement. (Pl.'s Ltr., Docket Entry 79.) In light of the parties' representation of their intent to draft a revised settlement agreement and their subsequent submission of a joint motion for settlement approval, (Sec. Mot., Docket Entry 81), Defendants' Second Motion for Order to Show Cause is TERMINATED AS MOOT.

In November 2015, the parties filed a settlement agreement for the Court's approval. (Docket Entries 74 and 76.) On May 12, 2016, the Court denied approval of the parties' settlement agreement. (Order, Docket Entry 77.) The Court held that the parties' settlement agreement suffered from the following defects: (1) an overbroad release and covenant not to sue, (2) a non-disparagement clause that did not include a "carve out" that would enable Plaintiff to make truthful statements about his experience litigating this matter, and (3) an award of attorneys' fees that exceeded one-third of the total settlement amount. (Order at 2-6.)

On August 15, 2016, the parties filed a second joint motion for settlement approval under seal. (See Sec. Mot.) The parties allege that their "current settlement contains revised release, covenant not to sue and non-disparagement clauses but leaves counsel fees at the previous levels." (Sec. Mot. at 1.) In support of their motion, the parties detailed the history of this litigation--including Rand and Kim's prior involvement in this matter and negotiations regarding Rand and Kim's attorneys' fees--and attached copies of their settlement agreement, the Prior Counsel Agreement, and billing records for Plaintiff's current counsel, Robert Wisniewski, Esq. (See generally Sec. Mot.; Sec. Mot. at Exs. 1-4, Docket Entries 81-1 through 81-4.) The parties allege that: (1) they settled Plaintiff's claims prior to

3

negotiating counsel fees, (2) Rand and Kim's fees were settled for less than ten percent of their demand, and (3) Mr. Wisniewski's fees were resolved at a fifty percent discount. (Sec. Mot. at 3.)

First, while the parties allege that they have revised their settlement agreement's release provision and non-disparagement clause in accordance with the Court's prior directive, (Sec. Mot. at 1), the parties have failed to file their revised settlement agreement on the public docket. The parties' Second Motion attaches the same settlement agreement dated August 28, 2015, that the Court previously declined to approve. (See Agmt., Sec. Mot. at Ex. 1, Docket Entry 81-1.)

Second, as noted in the Court's prior Order, courts in this Circuit have declined to award counsel fees exceeding one-third of the total settlement amount "[e]xcept in extraordinary cases." Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13-CV-6667, 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015). Accord Martinez v. Gulluogu LLC, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (collecting cases). Here, the parties' total counsel fee award of $30,900 ($5,400 to Plaintiff's prior counsel and $25,500 to Plaintiff's present counsel) constitutes approximately forty-four percent of the total settlement amount of $70,900. (See Agmt. at 2, ¶ 2; Prior Counsel Agmt. at 2, ¶ 1.)

The Court has reviewed the parties' supplemental allegations regarding the work completed by Mr. Wisniewski and

4

negotiations with Rand and Kim, as well as Mr. Wisniewski's billing records. (See Sec. Mot.; Sec. Mot. at Ex. 3.) While the Court is mindful of the parties' representation that the issue of attorneys' fees was resolved after a settlement was reached regarding Plaintiff's claims, the Court continues to find that this case does not present the "extraordinary" circumstances that would warrant approval of attorneys' fees exceeding one-third of the total settlement amount. Parenthetically, "[t]he fact that Plaintiff's counsel's claimed lodestar amount . . . would represent an even higher percentage of the settlement is insufficient to justify either the application of the [lodestar] method or the award of a higher fee." Lopez v. Ploy Dee, Inc., No. 15-CV-0647, 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (second alteration in original; internal quotation marks and citation omitted).

## CONCLUSION

For the foregoing reasons, the Court DENIES the parties' joint motion for settlement approval (Docket Entry 81). The parties are directed to either: (1) file a revised agreement on the public docket that contains a revised release and non-disparagement provision, and does not contain a counsel fee award exceeding one-third of the total settlement amount; or (2) file a letter indicating their intent to abandon their settlement and continue to litigate this action. The parties must take one of

the above-mentioned actions within thirty (30) days of the date of this Order.

Additionally, for the reasons set forth above, (see supra n.3), Defendants' Second Motion for Order to Show Cause (Docket Entry 78) is TERMINATED AS MOOT. The Clerk of the Court is also directed to TERMINATE Oscar G. Mori and Rudy Valdez as plaintiffs in this action as explained above (see supra n.1).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January __6__, 2017
         Central Islip, New York